|   |   |
|---|---|
| | |

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| BARBARA STUART ROBINSON;<br><br>Plaintiff,<br><br>v.<br><br>SEATTLE POLICE DEPARTMENT; and UWAJIMAYA, INC.; UWAJIMAYA VILLAGE OWNERS ASSOCIATION; UWAJIMAYA VILLAGE, LLC; UWAJIMAYA REAL PROPERTIES, LLC; EQR-UWAJIMAYA VILLAGE, LLC,<br><br>Defendants. | Case No. C17-1187RSM<br><br>ORDER GRANTING MOTIONS TO DISMISS |

This matter comes before the Court on Defendant Seattle Police Department ("SPD")'s Motion to Dismiss, Dkt. #6, and Defendants Uwajimaya, Inc., Uwajimaya Village, LLC, Uwajimaya Village Owners Association, Uwajimaya Village, LLC, Uwajimaya Real Properties, LLC, and EQR-Uwajimaya Village, LLC ("collectively "Uwajimaya Defendants")'s Motion to Dismiss, Dkt. #13. Plaintiff Barbara Stuart Robinson opposes these Motions. Dkts. #16 and #17.

In her complaint, Plaintiff alleges that "on July 10, 2017 at 8:00PM Uwajimaya[1] knowingly held the Plaintiff in there [sic] building after a alein [sic] came into there [sic]

---

[1] The Court notes that Uwajimaya is the name of a grocery store located in the International District/Chinatown neighborhood of Seattle, Washington. *See* Dkt. # 1-2 at 4.

ORDER GRANTING MOTIONS TO DISMISS - 1

building with a complaint the Uwajimaya held the plaintiff and called the Seattle Police Department causing injury to the Plaintiffs [sic] rights." Plaintiff goes on to state "on July 10, 2017, the Seattle Police Department appearing to the call to the building at Uwajimaya . . . and Uwajimaya tresspassed [sic] the plaintiff in result of the Seattle Police Department recklessly disregarding the Plaintiffs complaint of alien has come to, entered, or remained in the united states." Complaint at Dkt. #1-2, ¶ 3. Plaintiff further alleges, "because Seattle Police Department and Uwajimaya refused to give the Plaintiff proof of the person she was video taping as a united states citizen, the Defendants abridged the Plaintiffs contitutional [sic] rights under the 14th amendment of equal protections of the law 8 USC 1324." *Id.* at ¶ 5. Plaintiff then alleges that SPD "negligently" abridged her constitutional rights in violation of 42 U.S.C. § 1983 and that SPD violated her constitutional rights when she was trespassed in "the pursuit of her constitutional rights." *Id*.

In her accompanying declaration, Plaintiff alleges that on July 10, 2017, Uwajimaya held her against her will after receiving a complaint "from a alien person" that Plaintiff was videotaping her." Dkt. #1-3 at ¶ 2. Uwajimaya allegedly called SPD and SPD "let the alien leave the building and did not provide the Plaintiff . . . proof of citizenship of the alien" that Plaintiff was videotaping and "was detained and asked to surrender her license to the Seattle Police Officers." *Id*. Plaintiff alleges that SPD "detained the Plaintiff in the Uwajimaya security and let the alien leave the building without providing the Plaintiff any proof," depriving Plaintiff of her rights. *Id.* at ¶ 5. Plaintiff attaches to her declaration two pictures of the alleged "alien" crossing the street at two different crosswalks. *Id.* at 4-7.

In making a 12(b)(6) assessment, the court accepts all facts alleged in the complaint as true, and makes all inferences in the light most favorable to the non-moving party. *Baker v. Riverside County Office of Educ.*, 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).

ORDER GRANTING MOTIONS TO DISMISS - 2

However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id*. at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint need not include detailed allegations, but it must have "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Absent facial plausibility, a plaintiff's claims must be dismissed. *Id*. at 570.

The City of Seattle on behalf of the SPD argues that this case should be dismissed because "Plaintiff has not pled any claim amounting to a violation of her equal protection rights" and because "Plaintiff claims to have an equal protection right to be told the name and citizenship status of a stranger" but "[s]he does not." Dkt. #6 at 5. The City argues that Plaintiff cannot plead a negligence claim under § 1983. *Id*. at 6 (citing *Hummasti v. Buckmaster*, No. 06-251-MO, 2006 WL 2548412 (D. Or., August 30, 2006); *Wood v. Ostrander*, 879 F.2d 583, 587 (9th Cir.1989)). The City argues that Plaintiff cannot plead a negligence claim even outside of a § 1983 claim, because she cannot establish that a legal duty existed here. *Id*. The City argues that Plaintiff has not and cannot allege unlawful detention, citing *United States v. Wardlow*, 528 U.S. 119, 123 (2000), for the standard for an investigatory stop. *Id*. SPD also argues that this Court should hold Plaintiff to the vexatious litigant requirements established for Ms. Robinson in *Barbara Stuart Robinson v. Tacoma Community College*, No. C11–5151BHS, 2011 WL 6096295 (Dec. 7, 2011) for any future attempts at amendment. *Id*. at 2. In that case, Judge Settle declared Plaintiff a vexatious litigant, holding:

> Barbara Stuart Robinson is hereinafter declared a vexatious litigant in this district and may not file any claim in the Western District of Washington against any government agency, or its employees when acting in their official capacity, without leave of court. When seeking leave of Court, Robinson must submit a separate document that (1) states why the claims are not frivolous and (2) certifies that the claims she wishes to present are new claims never before raised and disposed of on the merits by any federal court. Upon failure to certify or upon a false certification, petitioner may be found in contempt of court and punished accordingly.

Id. at *4.

In Response, Plaintiff cites to legal authority for the standard of pleading and the standard for bringing an equal protection claim, however her briefing is highly repetitive and jumbled to the point of being nearly incomprehensible by the Court. *See* Dkt. #17. More importantly, Plaintiff fails to adequately address the City's arguments above or discuss the facts of this case.

The Uwajimaya Defendants also move to dismiss, arguing, *inter alia*, that a § 1983 claim cannot be brought against them because Plaintiff did not plead that they acted under the color of state law and because they are private entities, not state actors. Dkt. #13 at 1. Plaintiff's Response to that Motion suffers from the same problems as her other Response. *See* Dkt. #16.

The Court agrees with Defendants. Plaintiff has no equal protection right to be told the name and citizenship status of a stranger. Plaintiff has apparently traveled to Seattle's International District/Chinatown neighborhood to videotape and harass a person only because she appears Asian. Plaintiff's demand to have the police stop this person and obtain proof of her citizenship, based solely on her appearance, is offensive. Even if Plaintiff had some further basis for questioning this person's citizenship status, SPD's actions in detaining Plaintiff to investigate what happened and requesting to see her driver's license do not constitute a basis for a § 1983 claim, a negligence claim, or any other claim given the facts pled. The Uwajimaya

ORDER GRANTING MOTIONS TO DISMISS - 4

Defendants are also correct that they cannot be sued under § 1983 as they are private entities not acting under color of state law. Plaintiff has thus failed to state a claim upon which relief can be granted.

Where a complaint is dismissed for failure to state a claim, "leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). The Court finds that Plaintiff cannot allege different facts, consistent with the challenged pleading, which could survive dismissal and that therefore leave to amend will not be granted. Dismissal with prejudice is warranted given the above and Ms. Robinson's history as a vexatious litigant.

Accordingly, the Court hereby finds and ORDERS:

1) Defendants' Motions to Dismiss (Dkts. #6 and #13) are GRANTED.

2) All of Plaintiff's claims are DISMISSED with prejudice.

3) This case is CLOSED.

DATED this 18 day of September, 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE